## Case No. 16,162.

UNITED STATES v. RIDDLE.

[4 Wash. C. C. 644.] [1]

Circuit Court, E. D. Pennsylvania. April Term, 1827.

SEAMEN—AUTHORITY OF MASTER—ASSAULT—EVIDENCE—LEAVING MATE IN FOREIGN PORT.

1. Indictment against the master of a ship for an assault with intent to kill, and for maliciously forcing the mate on shore at a foreign port, and leaving him there. To support the first count, an intention to kill is essential; it is not sufficient if it was merely to punish or to torture.

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]

[1] [Originally published from the MS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.

2. The second offence may be committed although no physical force was used; as if the mate left the ship under a well founded fear of his life had he remained on board.

The defendant was tried by the same jury upon two indictments. One was for an assault committed at sea by defendant, master of the ship, on his mate, with intent to kill. The other for maliciously, and without justifiable cause, forcing the mate of his ship on shore at Batavia, a foreign port; and leaving him there.

WASHINGTON, Circuit Justice (charging jury). That, upon the first indictment, the jury must be satisfied, not only that the assault was committed after the 3d of March, 1825, when the act of congress was passed; but that the intention with which the assault was made was to take the life of the person assaulted. If the jury should believe that it was made with intent merely to give pain, or to torture the person assaulted, however cruelly, the defendant cannot be found guilty; unless they are also satisfied that the intention was to kill, that being the offence stated in the indictment.

Upon the second indictment, the offence may be committed, although no actual, physical force was used in putting the mate on shore; as if he left the ship under a well grounded fear of danger to his life from the defendant if he continued on board to perform the return voyage. Mere general ill treatment by the defendant, committed on the mate, on the outward voyage, would not amount to that kind of moral force which would bring the case within the tenth section of the act of congress of March 3, 1825, c. 65 [4 Stat. 115].

The jury acquitted the defendant, on both indictments.